Snyder *v.* Koons.

*James N. Sims,* for the appellants.

---

SNYDER *v.* KOONS.

PLEADING.—Action to recover damages for the non-performance of the following contract: "*A* agrees to furnish to *B* 400 head of good corn fatted hogs, to average 200 pounds net weight; said *A*

Snyder *v.* Koons.

agrees to deliver said hogs between the 15th and the 25th of *December*, 1858, in the city of *Richmond*, *Wayne* county, *Indiana;* said hogs are to be delivered alive and weighed alive, at some suitable place for weighing, and one-fifth to be deducted in order to ascertain the net weight. In consideration of which *B* agrees to pay *A* 5 dollars and 25 cents per hundred net weight for said hogs when delivered." Signed. The defendant, *A*, answered that at or before the making of the contract, and as a part thereof, *B* verbally agreed to furnish the money to purchase the hogs to *A*, but afterwards failed and refused to do so. *Held*, that the answer was defective, because it set up a verbal contemporaneous agreement varying the legal effect of the written contract.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, sued *Snyder* upon a written contract, which is as follows:

"This agreement entered into this, 23d of *December*, 1857, between *Aaron Snyder* and *Benjamin Koons*, witnesseth : that *Snyder* agrees to furnish to *Koons* 400 head of good cornfatted hogs, to average 200 pounds net weight; said *Snyder* agrees to deliver said hogs between the 15th and 25th of *December*, 1858, in the city of *Richmond*, *Wayne* county, *Indiana;* said hogs to be delivered alive and weighed alive, at some suitable place of weighing, and one-fifth to be deducted in order to ascertain the net weight, as above required. In consideration of which *Koons* agrees to pay *Snyder* 5 dollars and 25 cents per hundred net weight for said hogs when delivered. Witness our hands and seals this 23d of *December*, 1857          "AARON SNYDER,     [SEAL.]
"BENJAMIN KOONS." [SEAL.]

The complaint avers that the defendant did not deliver said hogs, or any part thereof, within the time or at the place mentioned in the contract, although the plaintiff was then

and there ready and willing to receive and pay for them as agreed on by the parties.

Defendant answered: 1. By a denial. 2. That at or before the making of the contract, and as a part thereof, the plaintiff verbally agreed to furnish the money to purchase the hogs to defendant, and afterwards failed or refused to do so; wherefore the defendant failed to deliver the hogs, &c.

To this second paragraph the plaintiff demurred. The Court sustained the demurrer, and the defendant excepted. This exception, it seems to us, is not well taken. The contract before us appears, on its face, to be complete. Its stipulations render it effective between the parties, and, in accordance with its legal effect, the money was not to be advanced in payment for the hogs, or otherwise, until they were delivered. And that being the case, the answer is defective, because it sets up a verbal contemporaneous agreement varying the legal effect of the written contract. 2 Phil. Ev., 4th Am. Ed., p. 665, note 444.

The issues were submitted to the Court, who found for the plaintiff, and, having refused a new trial, rendered judgment, &c.

The cause assigned for a new trial is that the finding is unsustained by the evidence. We are not inclined to adopt that conclusion. The evidence is upon the record. We have carefully examined it, and are of opinion that the weight of it sustains the finding of the Court.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. P. Siddall*, for the appellant.

*Bickle & Burchenal*, for the appellee.