JAMES B. McCLEERY, PLAINTIFF IN ERROR, v. EDWIN M. ALLEN, DEFENDANT IN ERROR.

1. **Trusts.** Where a trust is created and declared, it must be capable of being executed without conflicting with the laws of the state.

2. ———: ASSIGNMENT FOR BENEFIT OF CREDITORS. An insolvent debtor may make an absolute assignment of all his property to a trustee, to be applied in payment of his debts; but in such case it is the duty of the trustee at once to apply the property to the purpose for which the trust was created.

3. ———: ———. While such a trust cannot be executed instantly, yet the delay must only be such as necessarily results from a reasonable exercise of the power given to the trustee.

4. ———: ———: CONDITIONS. FRAUD. A debtor cannot, when a debt is due, avoid the obligation of immediate payment, nor can he, without the consent of the creditor, extend the period of credit. Therefore, if an assignment contains a provision, from which it appears that the debtor, at the time of its execution, intended to prevent the immediate application of his property to the payment of his debts, it will render the instrument void on its face.

5. ———: ———: ———: ———. Where an assignment contained a provision authorizing the assignee "to dispose of the same in any manner whatsoever as freely and lawfully as the assignor could do himself, which the said party of the second part, trustee as aforesaid, may deem advisable to do, tending in his opinion to convert the same into money, for the benefit of all interested," *Held*, that this authorized a sale on credit, and rendered the instrument void on its face.

ERROR to the district court for Adams county.

It was an action of replevin brought by Allen, the defendant in error, against McCleery, plaintiff in error, to recover possession of a stock of lumber, etc., which the latter had levied upon, as sheriff, under a writ of execution, as the property of one Van Alstine, the execution debtor. Allen claimed title by virtue of an assignment made to him by Van Alstine, for the benefit of all

the creditors. Upon a trial of the cause, before GASLIN, J., and a jury, the assignment was sustained and judgment entered accordingly in favor of the defendant in error. To reverse this judgment, the sheriff brought the cause to this court by petition in error, claiming that the court erred in permitting the assignment to Allen to be read in evidence to the jury, and in giving certain instructions touching the validity and sufficiency of the assignment in law.

*Moudy & Abbott* and *Lamb, Billingsley & Lambertson*, for plaintiff in error, cited Burrell on Assignments, Secs. 223, 224. *Brigham v. Tillinghast*, 13 N. Y., 215. *Nicholson v. Leavitt*, 6 N. Y., 510. *Rapalee v. Stewart*, 27 N. Y., 310. *Sackett v. Mansfield*, 26 Ill., 21. *Pierce v. Brewster*, 32 Ill., 268. *Whipple v. Pope*, 33 Ill., 334. *Kayser v. Heavenrich*, 5 Kan., 324. *Dudley v. Whiting*, 10 Kan., 47. Bump on Fraudulent Conveyances, 365-370. *Sutton v. Hanford*, 11 Mich., 518.

*O. P. Mason* and *James Laird*, for defendant in error.

No brief on file.

MAXWELL, J.

The only question to be determined in this case is, whether the assignment from Van Alstine to Allen was fraudulent and void on its face as to creditors. The assignment contains the following provisions: "That the said party of the second part, assignee and trustee as aforesaid of the said property as aforesaid, shall sell and dispose of said property aforesaid with convenient diligence, either at public or private sale, and for the best prices he can obtain therefor, for cash; and to dispose of the same in *any manner whatsoever* as freely and lawfully as the assignor could do himself, which the said

party of the second part, trustee as aforesaid, *may deem advisable to do, tending, in his opinion, to convert the same into money, for the benefit of all interested.*"

In *Nicholson v. Leavitt*, 6 N. Y., 510, the assignment was made "upon trust that the said parties of the second part, and the survivors of them, do and shall, in such manner and at such time or times, either at public or private sale, *or for cash, or upon credit, or partly for cash and partly upon credit,* and by and under such terms and conditions as they shall think reasonable and proper, absolutely sell, convey, and dispose of all and singular the said estate and property hereby conveyed and assigned." The court say: "It has always been understood that when an individual has incurred an obligation to pay money, the *time* of payment was an essential part of the contract; that when it arrived, the law demanded an immediate appropriation by the debtor of his property in discharge of his liability; and if he failed, would itself, of its own process, compel a performance of. the duty."

In that case it was held that the assignment was fraudulent and void as against the creditors of the assignors.

In *Brigham v. Tillinghast*, 13 N. Y., 215, the assignment contained the following provision: "The said parties of the second part shall forthwith take possession of all and singular the premises aforesaid, and shall, as soon as practicable and expedient for the best interests of all concerned and interested therein, convert all and singular the premises and estate aforesaid into money *or available means,* and, after deducting the reasonable costs and charges of executing the trust herein mentioned, shall pay and apply the *moneys* and *means* arising therefrom in the manner and form following," etc. The court say: "The trustees, under this assignment, would be authorized to sell all or any portion of the as-

signed property on credit, and take in payment notes, bonds, mortgages, or other available means, even if they would not be authorized to exchange it for other property." The assignment was held to be fraudulent and void as to creditors.

In *Rapalee v. Stewart*, 27 N. Y., 310, it was held that a provision in an assignment, that the trust property "be converted into cash, or otherwise disposed of to the best advantage" by the assignee, was authority to sell on credit, and avoided the assignment.

In *Woodburn v. Mosher*, 9 Barb., 255, the authority to the assignees was to convert the property into money "within such convenient time as *to them* shall seem best." It was held that the assignment was void upon its face.

In *Keep v. Sanderson*, 12 Wis., 391, it was held that a clause in an assignment authorizing the assignee to sell and dispose of the assigned property "upon such terms and conditions as in his judgment may appear best and most to the interest of the parties concerned," was authority to sell on *credit*, and that it was void as to creditors, adhering to the decision in *Keep v. Sanderson*, 2 Wis., 42.

Section 17, Chap. 25 of the Gen. Stat., provides that: "Every conveyance or assignment, in writing or otherwise, of any interest in land, or in goods, or things in action, or of any rents or profits issuing therefrom, and every charge upon lands, goods, or things in action, or upon the rents or profits thereof, made with the intent to hinder, delay, or defraud creditors or persons of their lawful rights,    *    *    *    as against the persons so hindered, delayed, or defrauded, shall be void."

The authority to the trustee in the case at bar " to dispose of the same in any manner whatsoever as freely and lawfully as the assignor could do himself, which the said party of the second part, trustee as aforesaid, may

deem advisable to do, tending, in his opinion, to convert the same into money, for the benefit of all interested," is not only authority to the trustee to sell on credit, but would authorize him to exchange the property assigned for other property, or for notes, bonds, mortgages, or other forms of indebtedness, if in his opinion it would thereby be more readily converted into money.

Where a trust is created and declared, it must be capable of being executed without conflicting with the laws of the state.

An insolvent debtor may make an absolute assignment of all his property to a trustee for the payment of his debts; but in such case it is the duty of the trustee to make an immediate application of the property to the purposes for which the trust was created. It is not to be expected that this can be accomplished instantly, but the delay must be such as necessarily results from a reasonable exercise of the power given to the trustee, and be merely incidental.

A debtor cannot, by an assignment, avoid the obligation of immediate payment when a debt is due; nor can he, without the consent of the creditor, extend the period of credit; therefore, any provision in an assignment from which it appears that the debtor, at the time of its execution, intended to prevent the immediate application of his property to the payment of his debts, will make the instrument void as to such creditors as are hindered or delayed.

In the case at bar, the instrument is void upon its face, and the court should so have instructed the jury. The judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.