Gregory v. Whedon.

E. MARY GREGORY, PLAINTIFF IN ERROR, V. CHARLES O. WHEDON AND OTHERS, DEFENDANTS IN ERROR.

| 8 | 373 |
| 15 | 54 |
| 15 | 289 |
| 18 | 477 |
| 19 | 67 |
| 8 | 373 |
| 29 | 166 |
| 8 | 373 |
| 41 | 59 |
| 8 | 373 |
| 47 | 671 |
| 48 | 231 |
| 8 | 373 |
| 54 | 416 |

1.  **Chattel Mortgage.** A chattel mortgage of a stock of goods in a store, with power to the mortgagor to sell in the ordinary course of trade, although fraudulent and void as to creditors and subsequent purchasers in good faith, is valid between the parties to it.

2.  ————: RECORD: VENDEE. And a vendee who purchases the entire stock of goods, with the intent to hinder and delay creditors, cannot hold such goods against the mortgage, although it was not recorded until after the pretended purchase.

ERROR from the district court for Lancaster county. The facts of the case are stated in the opinion.

*Hunter & Sawyer*, for plaintiff in error.

The mortgage in question was void:

*First.* Because it was not filed till October 21, 1876, while E. Mary Gregory purchased and took possession October 4, 1876.

*Second.* Because it purports to cover a stock of goods sold and replenished, and gives mortgagors right of possession and power to sell in the usual course of business, and does not even require the mortgagors to account for the proceeds of sales.

*Third.* Because it purports to cover " all goods to be hereafter purchased by us (the mortgagors) during the time this chattel mortgage remains in force," without regard to the character or place of storage of such goods. *Tallon v. Ellison,* 3 Neb., 73. *Williams v. Evans,* 6 Neb., 219. *McCleery v. Allen,* 7 Neb., 21. Herman on Chattel Mortgages, sec. 101. *Edgell v. Hart,* 3 Barb., 380. *Robinson v. Elliott,* 22 Wall., 513. *Place v. Langworthy,* 13 Wis., 629. *Steinart v. Duèster,* 23 Wis., 136. *Horton v. Williams,* 21 Minn., 187.

At law a mortgage of property, not then in existence, or not belonging to the mortgagor, but to be acquired *in futuro,* is void as to that property. Herman on Chattel Mortgages, sec. 46, p. 89. *Bellows v. Wells,* 36 Vt., 599. *Head v. Goodwin,* 37 Me., 181. *Pierce v. Emery,* 32 N. H., 484. *Otis v. Sill,* 8 Barb., 102. *Hamilton v. Rogers,* 8 Md., 301. *Pettis v. Kellogg,* 7 Cush., 456.

*Mason & Whedon,* for defendants in error.

1. Hastings and E. Mary Gregory were either joint purchasers or partners in the purchase of these goods, and in either event notice to one was notice to the other, and both Hastings and Gregory, jr., had notice of the fraudulent intent of J. D. Minshall & Co., and of their purpose to hinder, delay, and defraud purchasers. *Chapel v. Washburn,* 11 Ind., 303. 1st Greenl. Evidence, sec. 174, and authorities there cited. *Parker v. The State,* 8 Blackford, 292. Wharton's Law Evidence, sec. 1192.

2. In this case the husband of E. Mary Gregory purchased the stock of goods, with Hastings. Hastings & Gregory had actual notice of the fraudulent intent of J. D. Minshall & Co., and paid no money or property, and took the conveyance to E. Mary Gregory & Hast-

ings, for the purpose of defrauding creditors; and this sale cannot prevail over the mortgage, especially under the circumstances. *Guthrie v. Gardner*, 19 Wend., 414. *Snyder v. Sponable*, 1 Hill, 571.

3. The sale by J. D. Minshall & Co. to E. Mary Gregory was fraudulent ahd void, and the jury so found.

The mortgage of J. D. Minshall & Co. to Dodd, Brown & Co., was good between the parties to it, even before record, and after Dodd, Brown & Co. took possession of the stock under the mortgage, the same was validated as to creditors. *Brown v. Webb*, 20 Ohio, 389. *Moody v. Wright*, 13 Metc., 17. *Mitchell v Winslow*, 3 Story, 630. *Farmers' Loan Co. v. Commercial Bank*, 11 Wis., 207. *Titus v. Mabee*, 25 Ill., 257. *Chapin v. Cram*, 40 Me., 561. *Gay v. Bidwell*, 7 Mich., 519.

MAXWELL, CH. J.

In May, 1876, J. D. Minshall & Co., being indebted to Dodd, Brown & Co. in the sum of $1800.00, executed and delivered to said firm certain promissory notes; and to secure the payment of the same, executed and delivered to said Dodd, Brown & Co., a chattel mortgage on the stock of goods in their store in the city of Lincoln. The mortgage contained the following provisions: " It being the intent hereof to include all goods of every known description, owned and kept by us in said store, and fully and particularly described and mentioned in memoranda of our invoice of said stock taken by us on January 5, 1876; and also, all goods purchased by us and placed in and among said stock since said date, as well as all goods to be hereafter purchased by us during the time this chattel mortgage remains in force. And it is express-

ly agreed by and between the parties to this instrument, that we, the mortgagors herein, are to continue in possession of said goods, and continue to sell off said goods in the regular course of business until a breach of the conditions hereinafter mentioned—that is to say, so long as we pay said notes at maturity as they respectively fall due; but in case we attempt to dispose of said goods in any other way than the usual course of trade, and in case also that we shall fail or refuse to pay either of said notes at maturity, then and in either case it shall be lawful and right for said Dodd, Brown & Co., their agent or attorney, or the sheriff of Lancaster county, Nebraska, to take immediate possession of said goods," etc.   The mortgage was properly signed and acknowledged, but was not recorded until the twenty-first day of October, 1876.

On the fourth day of October, 1876, Minshall & Co. sold their entire stock of goods, book accounts, shelving, counters, fixtures, and furniture to the plaintiff herein and one Enoch Hastings, a clerk, for an alleged consideration of $4000.00, Hastings and the plaintiff each giving their notes for $2000.00.   Afterwards the notes appear to have been taken up and bonds substituted in their stead, conditioned that Hastings & Gregory should pay the debts of J. D. Minshall & Co., amounting to about $4500.00.   Gregory & Hastings divided the goods in question, Hastings taking his portion away from Lincoln to another point in the state.

On the twenty-first day of October, 1876, Dodd, Brown & Co. recorded their mortgage, and immediately thereafter took possession of the goods in question, remaining in the store of J. D. Minshall & Co.   The plaintiff brought an action of replevin to recover possession of the goods.   Upon the trial of the case, the jury returned a verdict for the defendants, upon which

judgment was rendered. The plaintiff brings the cause into this court by petition in error.

A number of errors are assigned that we do not deem it necessary to notice. The principal question involved in the case is the validity of the mortgage, given by J. D. Minshall & Co. to Dodd, Brown & Co., under which the goods were taken.

In *Tallon v. Ellison*, 3 Neb., 63, it was held that a mortgage of a stock of goods, where the mortgagor continues in possession and is selling the same in the usual course of trade, is void as against creditors of the mortgagor and subsequent purchasers in good faith. See also *Hedman v. Anderson*, 6 Neb., 392. The reason is that the object of a chattel mortgage is to give the mortgagee a specific lien upon the property mortgaged, for the security of the mortgage debt, and this cannot be had if the mortgagor has leave to sell the goods for his own benefit. But a mortgage void as to creditors and subsequent purchasers in good faith, may be of full force and effect as between the parties. It is their contract, and as between themselves may be enforced. In this respect it is like a deed made for the purpose of defrauding creditors, which is valid as between the parties to the same and those claiming under them, though void as to creditors. *Tremper v. Barton*, 18 Ohio, 418. *Brown v. Webb*, 20 Ind., 389. This mortgage was therefore valid between the parties.

Was the plaintiff a subsequent purchaser in good faith? In order to constitute a person a *bona fide* purchaser, he must have parted with something that is valuable, upon the faith of his purchase, before he had notice of any prior right or equity. The plaintiff paid nothing for the goods in question. A note was given which was afterwards surrendered, and obligations in the nature of bonds taken to secure the payment of

the debts.   But even had the plaintiff paid a full consideration for the goods, she would not be entitled on the testimony to recover.   John S. Gregory, sr., was a member of the firm of J. D. Minshall & Co.   John S. Gregory, jr., is a son of John S. Gregory, sr., and the husband and agent of the plaintiff, and had knowledge of the debts owing by J. D. Minshall & Co.   His own testimony is not of a very satisfactory character, but sufficient appears to show that he knew of the debts at the time of the pretended purchase, and that he was anxious to obtain an extension of time for their payment in order to help his father out of difficulty.   This may have been commendable had he paid his father's debts, but the law will not permit him to take the property of the firm, of which his father was a member, and require the creditors to wait until such times as suit his convenience before paying their claims.

In *McCleery v. Allen*, 7 Neb., 21, this court held that a debtor cannot, when a debt is due, avoid the obligation of immediate payment; nor can he, without the consent of the creditor, extend the period of credit. In that case an assignment was declared invalid, because it contained provisions permitting the assignee to dispose of the property "in any manner whatsoever." The law will not permit a party to purchase the property of another with the intent to hinder and delay creditors in the collection of their just dues, and as it is clear that that was the object of the pretended purchase in this instance, no title passed to the plaintiff as against such creditors.   This disposes of the case.   The judgment of the district court is clearly right, and must be affirmed.

JUDGMENT AFFIRMED.