JOHN BRAHMSTADT AND HENRY C. KLEINSCHMIDT, A
FIRM DOING BUSINESS UNDER THE NAME OF BRAHM-
STADT & KLEINSCHMIDT, AND FREDERICK W. LIEDTKE,
PLAINTIFFS IN ERROR, V. WILLIAM MCWHIRTER, DE-
FENDANT IN ERROR.

1. **Assignments.** An assignment for the benefit of creditors,
which authorizes the assignee to " sell and dispose of the prop-
erty, and generally convert the same into money, upon such
terms and conditions as in his judgment may appear just and
for the interest of all parties interested," is not void upon its
face.

2. ———. An assignment for the benefit of all creditors, being
as between them just and equitable in its nature, will not be
declared void, unless it is clearly so.

3. ———: ASSIGNEE. The clerk of a district court may act as
assignee, and his approval of his own bond does not render his
acts void. But he may be required at any time to give addi-
tional security.

ERROR to York county district court, where the
cause was tried before POST, J.  The opinion states
the case.

*France & Sedgwick,* for plaintiffs in error, cited *Town-
send v. Stearns,* 32 N. Y., 209.  *Gay v. Bidwell,* 7 Mich.,
519.  *Norton v. Kearney,* 10 Wis., 443.  *Hoffman v.
Mackall,* 5 Ohio St., 124.  *Sackett v. Mansfield,* 26 Ill.,

21. *Grover v. Wakeman*, 11 Wend., 187. *Coverdale v. Wilder*, 17 Pick., 181. *Mann v. Witbeck*, 17 Barb., 392. This case does not come within the rule laid down in *McCleery v. Allen*, 7 Neb., 21. In this case, the selling and disposing of the property are left entirely to the discretion of the assignee; but that discretion is to be exercised within legal limits; and the law implies a restriction not inserted in express words, and will not defeat an instrument by inferring that the assignor contemplated an illegal act. *Kellogg v. Stauson*, 11 N. Y., 302. *Nye v. Van Husan*, 6 Mich., 329. *Whipple v. Pope*, 33 Ill., 334. *Higby v. Ayers*, 14 Kas., 331. *Hoffman v. Mackall*, 5 Ohio St., 124. *Whitney v. Krows*, 11 Barb., 198. *Southworth v. Sheldon*, 7 How. Pr., 414. Ang. on Assignments, 209, 215. Burrill on Assignments (2d ed.), 217, 220. The assignment is not void because the assignee was clerk of the district court, and as such clerk filed and approved the bond of himself and sureties. The validity of the assignment does not depend upon the bond of the assignee, and the assignment is valid, even if the assignee should fail to give any bond, as the district court has control of the assignee, and can dismiss him from the trust if he refuse to give a bond as required by law; and to hold this assignment void would be to give the creditors preference, instead of preventing such preference. Session Laws, 1877, page 25. *Heckman v. Messinger*, 49 Pa. St., 465. *Beck v. Parker*, 65 Pa. St., 265. *Price v. Parker*, 11 Ia., 144.

*Scott & Giffen*, for defendant in error, cited 2 Parsons on Contracts, 505. *Hutchinson v. Lord*, 1 Wis., 349. *Schufeldt v. Abernethy*, 2 Duer, 533. The assignment in this case clearly gives an authority to sell on credit, for it gives the assignee the same powers of disposition over the property as the assignors. A sale is either

for cash or upon credit, and the terms of a sale mean the space of time granted the debtor to discharging his obligation; and in conveyances, the time of paying the consideration. *Le Roy v. Beard*, 8 How., 451. *Hutchinson v. Lord*, 1 Wis., 249. Bov. Dict., title "Terms." The assignment is void also, not simply because the clerk filed and approved the bond of himself and sureties, but because the assignee is clerk of the district court. The two positions of assignee and clerk of the court are so far inconsistent with each other, that it is against the policy of the law that the clerk should act in such capacity; and under the law of 1877 he would frequently have to issue process against himself, and perform many other acts where the two positions would be directly opposite. Laws, 1877, p. 24, secs. 8, 10, 15, and 18.

MAXWELL, CH. J.

The plaintiffs were a firm doing business at York, in this state, and being unable to pay their debts in full, made an assignment for the benefit of their creditors to Frederick W. Liedtke, clerk of the district court of York county. The defendant, who was a creditor of the plaintiffs, commenced an action against them by attachment, in the county court of York county. The county court sustained the attachment, which judgment was affirmed by the district court. The plaintiffs bring the cause into this court by petition in error.

But two questions are involved in the case: *First*, Is the assignment void on its face as to creditors? *Second*, Can the clerk of a district court act as assignee?

The deed of assignment recites that: "Whereas the said co-partnership is justly indebted in sundry considerable sums of money, and has become unable to pay and discharge the same with punctuality or in full,

and the said parties being desirous of making a fair and equitable distribution of all their property and effects among their creditors, now therefore," etc.   The assignment also contains this provision:   "The said party of the second part (the assignee) shall take possession of all and singular the lands, tenements, and hereditaments, property, judgments, and effects hereby assigned, and· sell and dispose of the same, and generally convert the same into money upon such terms and conditions as in his judgment may appear just and for the interest of all parties concerned."

It is claimed that this provision renders the instrument void on its face.   It will be perceived that the authority is to convert the property into *money*, not to sell upon credit.   The words "terms and conditions," taken by themselves, might imply an authority to sell on credit, but construing the entire instrument, it is clear that no such power was intended.

In *McCleery v. Allen*, 7 Neb., 22, the assignment, after providing for a sale for cash, contained these words: " And to dispose of the same in any manner whatsoever as freely and lawfully as the assignor could do himself, which the said party of the second part, trustee as aforesaid, may deem advisable to do, tending in his opinion to convert the same into money for the benefit of all interested."   It was held that this was authority not only to sell on credit, but to exchange the property assigned for notes, bonds, mortgages, or other forms of indebtedness, and the assignment was held to be void on its face.   And we adhere to that decision.   The reason is, the terms of an assignment cannot extend the time of credit between debtor and creditor.   The creditor whose debt is due cannot be compelled by the terms of the assignment to wait until such time as the trustee sees fit before the property is applied to the payment of his debt.   And if by its

terms such power is given, the instrument will be void upon its face as tending to "hinder and delay" cred-. itors.    That the property cannot be applied at once to the payment of the debts will not invalidate the instrument, if the delay is such as necessarily results from a reasonable exercise of the power given to the trustee, and is not the result of the conditions of the instrument.

In *Keep v. Sanderson*, 2 Wis., 42, and S. C., 12 Id., 391, it was held that a provision similar to the one cited above was authority to sell on credit, and it was void as to creditors.

Those cases were cited in the case of *McCleery v. Allen*, 7 Neb., 24, not as an indorsement of the doctrine, but to show the extent to which the courts of the several states had gone in holding an assignment void on its face.    Such words, in our opinion, do not necessarily give the trustee the power to sell on credit, and an assignment for the benefit of all the creditors of a debtor will not be declared void on its face, unless it is clearly so.

In the vicissitudes of business, when a debtor finds that he is unable to pay all his debts and makes an assignment for the benefit of all his creditors, all that the law requires is a faithful application of the property to the payment of the debts without unreasonable delay.

As to the objection that the assignee being clerk of the district court, and could not therefore approve his own bond, it is at most a mere irregularity, and does not render the assignment void on its face.    The bond is sufficient in form and amount and is signed by a large number of persons as sureties, and there is no objection made that it is not sufficient.    And the trustee may at any time, when thought necessary, be required to give an additional bond.

So far as appears, the trustee was endeavoring faith-

fully to carry out the trust at the time the action was instituted, and being for the benefit of all the creditors of the assignors the assignment is favored in law. The judgment of the district court is reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.