SCHOOLFIELD, HANAUER & Co. *v.* JOHNSON & SULLIVAN and another.

*(Circuit Court, E. D. Arkansas.* October Term, 1881.)

1. ASSIGNMENT IN TRUST FOR BENEFIT OF CREDITORS, WHEN VOID.

A deed of assignment for the benefit of creditors, which in terms directs or authorizes the assignee to execute the trust and dispose of the property in a mode not authorized by the statute, or contrary to its requirements, is void.

*W. M. Rose* and *B. C. Brown,* for plaintiffs.
*Dodge & Johnson,* for interpleader.

CALDWELL, D. J. The validity of the deeds of assignment on their face is the only question in this case. The particular clauses of the deeds of assignment which it is claimed avoid the instruments are the following: The trustee is directed to "proceed at once to execute this trust by converting all property herein conveyed into money with as much rapidity as possible consistent with the interest of our creditors;" * * * "and is hereby empowered to sell all goods or property of every kind herein conveyed at *public or private sale,* for *cash* or *otherwise,* as may seem best to the interest of our creditors, with or without public or private notice of any kind." These provisions are in both deeds. One of the deeds conveys the leasehold interest of the assignors in three plantations, and directs "that said trustee shall take immediate possession of them, and take all steps necessary and as may seem best to him for the purpose of *cultivating them;* may purchase mules, implements, supplies, and all things necessary to the interests of our creditors."

The two deeds were executed on the same day and for the same purpose, each deed conveying different portions of the assignor's property, and are to be taken together as one instrument. Burr. Assignm. § 128.

If valid, the assignee might purchase mules, etc., to carry on the plantations mentioned in one deed, with means derived from sale of

property conveyed by the other. The authority conferred on the trustee to sell the property at public or private sale, and for cash or otherwise, and with or without notice of any kind, is in conflict with the statute of this state and renders the assignment void.

Section 387, Gantt's Digest, in terms provides that the "assignee shall be required to sell all the property assigned, at public auction, within 120 days, and shall give at least 30 days' notice of the time and place of such sale."

The court has uniformly held that an assignment which in terms directed or authorized the assignee to execute the trust and dispose of the property in a mode not authorized by the statute, or contrary to its requirements, avoided the assignment.

In *Schwab* v. *Hollowell,* (April term, 1879,) the language of the deed was, "to sell at public or private sale, at wholesale or retail, for cash or on a credit;" and the court (Judge Dillon presiding) held the deed void because it authorized a private sale of the property in contravention of the statute. The same ruling was made in *Bartlett* v. *Teah,* 1 FED. REP. 768, and in many other cases. The former circuit judge concurred in these rulings, and they are undoubtedly supported by the current of authorities on the question. *Rapalee* v. *Stewart,* 27 N. Y. 310; *Woodburn* v. *Mosher,* 9 Barb. 255; *Keep* v. *Sanderson,* 12 Wis. 391; *McCleery* v. *Allen,* 7 Neb. 21; *Sumner* v. *Hicks,* 2 Black, 532.