ROSENSTEIN, RESPONDENT, *v.* COLEMAN, ET AL., AP-
PELLANTS.

[Submitted July 7, 1896.   Decided August 4, 1896.]

ASSIGNMENT FOR BENEFIT OF CREDITORS—*Sales on credit—Validity.*—An assignment
for the benefit of creditors which empowers the assignee to sell and dispose of the
assigned property as he may deem best, either for cash, or on time, or for credit, is
fraudulent and void as to creditors.

SAME—*Same—Fraudulent intent.*—Section 231, Fifth Division of the Compiled Statutes
making the question of fraudulent intent in all conveyances one of fact and not of
law, does not preclude the court from adjudging fraudulent an assignment which on
its face permits the assignee to sell on credit, since an intention to hinder, delay and
defraud creditors is a necessary legal inference from a provision permitting credit
sales, and is as conclusive upon the assignor as if he had in express terms admitted
a fraudulent intent.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION by assignee for conversion.  Judgment was rendered
for the plaintiff below by McHATTON, J.   Reversed.

Statement of the case by the justice delivering the opinion.

The plaintiff, Anna Rosenstein, brought this action as the
assignee for the benefit of the creditors of Isadore Rosenstein.
She sued the defendants, who were, respectively, a justice of
the peace and a constable of Silver Bow county.   Her com-
plaint alleged that Isadore Rosenstein assigned his stock in
trade, consisting of merchandise, to her for the benefit of his
creditors; that she accepted the trust and took possession, but
that after the assignment and after her possession, the said
constable, McNichols, levied upon and attached all of the prop-
erty described in the assignment and ousted her of possession.
She demanded judgment for $2,680, the value of the articles
alleged to have been wrongfully taken from her possession as
assignee.

The deed of assignment is attached to the complaint, and,
among other things, contains the following:   "But in trust
and confidence, however, to sell and dispose of the said prop-
erty, real and personal, and to collect the said choses in ac-

tion, using a reasonable discretion as to the times and modes of selling and disposing of said property as the said second party may deem best, either for cash, or on time or for credit, or at public auction or private sale, and to collect the said choses in action and accounts, with the right to compound for the same, but to use all due diligence and haste in so disposing of and collecting the said property and effects to the end that the said creditors of the said first party may not be hindered or delayed in the receipt of their several claims and demands against the said first party; and to dispose of the sums of money so realized and collected as follows :''

A general demurrer was interposed by the defendants, but was overruled. Defendants answered admitting the execution of the assignment, but denying that by said instrument any title or interest vested in the plaintiff as assignee for the benefit of the creditors of Isadore Rosenstein, or otherwise; denying possession of plaintiff as alleged; denying that the instrument constituted an assignment for the benefit of creditors and denying that defendants wrongfully withhold possession. The defendants then averred that in certain actions by creditors of Isadore Rosenstein judgments were duly rendered against said Isadore Rosenstein, and that on September 9, 1893, under the authority of certain executions duly issued by the justice of the peace, the property included in the said pretended assignment was levied upon and duly sold, and the proceeds of the sale applied to the payment of the judgments of the first and second attaching creditors. It was further alleged that the said pretended assignment was made by Isadore Rosenstein with intent to hinder, delay and defraud his creditors, and was and is absolutely void, and that plaintiff never had as assignee for the benefit of the creditors of said Isadore Rosenstein any right, title or interest to the property mentioned.

The plaintiff by replication denied that the property was at the time of the levy the subject of attachment or sale, but averred that it was in possession of the plaintiff as assignee; denied that the assignment was made with intent to hinder, delay or defraud the creditors of the said Isadore Rosenstein, and denied all other averments of defendants' answer.

There was a trial before a jury, and a verdict rendered in behalf of plaintiff, assessing her damages at $1,500, the value of the property at the time of the levy of attachments by the defendants. A motion for a new trial was overruled. The defendants appeal from the judgment and from the order overruling their motion for a new trial.

*Charles R. Leonard,* for Appellant.

The provision of the deed of assignment which vests in the assignee the power to sell for credit and thus enables her to delay the creditors indefinitely is conclusive evidence of fraud and therefore the assignment is void as to all creditors not assenting thereto. (*Hutchinson* v. *Lord,* 1 Wis. 286, 60 Am. Dec. 381; *Keep* v. *Sanderson,* 2 Wis. 42, 12 Wis. 391; *Barney* v. *Griffin,* 2 N. Y. 365; *Nicholson* v. *Leavitt,* 6 N. Y. 510, 57 Am. Dec. 499; *Burdick* v. *Post,* 6 N. Y. 522; *Rapalee* v. *Stewart,* 27 N. Y. 310; *Brigham* v. *Tillinghart,* 15 Barb. 618; *Meachem* v. *Sterne,* 9 Paige 405–6; *Sutton* v. *Hanford,* 11 Mich.; *Wilhelm* v. *Byles,* 60 Mich. 561; *Greenleaf* v. *Eades,* 2 Minn. 264; *Truit Bros. & Co.* v. *Caldwell,* 3 Minn. 364; *Bennett* v. *Elliston,* 23 Minn. 242; *Paige* v. *Olcott,* 28 Vt. 469; *Porter* v. *Williams,* 50 Am. Dec. 519; *Gates* v. *Andrews,* 97 Am. Dec. 764; *Gardner* v. *Bank,* 95 Ill. 298; *Baldwin* v. *Peat,* 75 Am. Dec. 806; *Sumner* v. *Hicks,* 2 Black, U. S. 532; *McCleery* v. *Allen,* 7 Neb. 21, *American Exchange Bank* v. *Inloes,* 7 Md. 173, 69 Am. Dec. 192; *Sprecht* v. *Parsons,* 25 Pac. Rep., Utah, 730.)

*W. I. Lippincott* and *W. W. Dixon,* for Respondent.

To hold a power to sell on credit to be conclusive evidence of fraudulent intent, as a matter of law, would seem to be in direct violation of section 231, Fifth Division Compiled Statutes of 1887. (*Billings* v. *Billings,* 2 Cal. 107; *Smith* v. *Craft,* 123 U. S. 441; *Baldwin* v. *Peet,* 22 Texas 806.) The main question is discussed at length, and many of the authorities, *pro* and *con,* cited in Burrill on Assignments

(5th Ed.) sections 221 to 224. It is there shown that the courts, in a majority of the states where the question has arisen, have decided against appellants' contention here. The decisions of the New York courts are in favor of appellants' position; but in that state the contrary doctrine was originally held and had the distinguished sanction of Chancellor Walworth. (*Rogers* v. *De Forest*, 7 Paige, Ohio, 272.)

A sale on credit, with security and interest, will in many cases, be for the interest of the creditors, and the assignee should be allowed to exercise a reasonable and honest discre tion in the matter. (*Conkling* v. *Conrad*, 6 Ohio St. 620.) The grant of a power to sell on credit is a very useful and frequently necessary grant and raises no presumption, conclusive or otherwise, of fraudulent intent. In addition to the authorities cited in Burrill on Assignments, section 221, on this point, see: *Christopher* v. *Covington*, 2 B. Mon. (Ky.) 357; *Gilmer* v. *Earnhardt*, 1 Jones (N. C.) 559; *Neally* v. *Ambrose*, 38 Mass. 185; *Berry* v. *Hayden*, 7 Iowa 469; *Kellogg* v. *Muller*, 68 Texas, 182; *Moody* v. *Carroll*, 71 Texas 143; *Myer* v. *Black*, (New Mexico) 16 Pac. Rep. 320; *Wilhoit* v. *Lyons*, (Cal.) 33 Pac. Rep. 325; *Peters* v. *Bain*, 133 U. S. 670.

HUNT, J.—The important question in this case is whether an assignment which empowers the assignee to sell and dispose of the assigned property as he may deem best, either for cash, or on time or for credit, is fraudulent and void as to creditors. The district court held it was not, and submitted the question of fraud to a jury. But after careful consideration we understand the law to be that such an instrument is fraudulent.

It is a well established principle that a debtor making an assignment can authorize no delay whatever, except such as is necessarily incident to the creation of the trust. This principle is thus stated by GARDNER, J., in *Nicholson* v. *Leavitt*, 2 Selden (N. Y.) 510: "It has always been understood, that where an individual has incurred an obligation to pay money, the *time* of payment was an essential part of the contract; that

when it arrived the law demanded an immediate appropriation by the debtor, of his property in discharge of his liability, and if he failed, would itself, by its own process, compel a performance of the duty. The debtor, by the creation of a trust, may direct the application of his property, and may devolve the duty of making the appropriation upon a trustee. This the law permits, and such delay as may be necessary for that purpose. But the debtor cannot in this way avoid the obligation of immediate payment, or extend the period of credit without the consent of the creditor. The attempt to do this, however plausible may be the pretense, is in conscience and in law, a fraud and nothing else.'' This language was approved of by the New York court of appeals in *Dunham* v. *Waterman*, 17 N. Y. 9.

The argument is advanced that this discretionary power vested in the assignee may result advantageously to the creditors by avoiding a sacrifice of the goods included in the assignment. This is likewise answered by the rule that the debtor cannot by any assignment avoid the obligation of immediate payment when the debt is due. He cannot without his creditors' consent extend the period of credit. Provisions, therefore, in an assignment, ''by which it appears that the debtor, at the time of its execution intended to prevent the immediate application of his property to the payment of his debts, will make the instrument void as to such creditors as are hindered and delayed.'' (*McCleery* v. *Allen*, 7 Neb. 21.)

It has been further laid down that if an assignment containing a clause authorizing a sale on credit is valid, it follows that the debtor has a right to confer the power. But if the owner of the property has vested the discretion in his assignee, unless it is fraudulently exercised, ''equity cannot interpolate a provision that the fund shall be disposed of and the money realized according *to the discretion of the chancellor.*'' (*Nicholson* v. *Leavitt, supra.*)

It is earnestly contended by the respondent that by section 251, Fifth Division of the Compiled Statutes, the court is precluded from adjudging the assignment fraudulent because of

the provisions on its face.   This is equivalent to saying that a positive intent to defraud creditors must exist in order to make the assignment illegal, and that the statute above cited makes the question of fraudulent intent a question of fact, and not of law.   We find the very same statute was in force in New York when the several decisions in that state declaring assignments which authorized sales on credit to be invalid, were rendered. (2 N. Y. Revised Statutes 137, § 4.)

It was urged in the court of errors of that state, in 1833, in the case of *Cunningham* v. *Freeborn*, 11 Wend. 241, that the supposed determination of the question of fraudulent intent belonged to the jury and not to the court.   It was there held that in a court of equity the chancellor must determine the question upon all the facts in the case before him, whether upon complaint and answer or pleadings and proofs, and come to a conclusion such as a jury would be bound by the law to find.   The court, by Nelson, J., there said : "It could never have been intended by this statute, nor could it be endured in principle or practice, that the verdict of the jury should be conclusive if against law and evidence, or that the answer of a defendant, disclaiming a fraudulent intent, though it admits facts from which such intent is a necessary or legal inference, shall still be conclusive upon the point.   *   *   *   *   *   *   * The true doctrine on this subject, notwithstanding the statute, I apprehend, is, that if there is any provision in the deed of assignment, or any fact admitted in the answer, which is *per se* fraudulent according to the law of the case, it is so, the denial of the fraudulent intent to the contrary notwithstanding; that fraud in fact is a question compounded of law and fact, which is to be found by the jury in a court of law, under proper direction duly observed by them, and may be by the chancellor in a court of equity; that any set of facts, or any intention to be fraudulent, must be a violation of some principle of law since the revised statutes as well as before; and when the violation of the principle is admitted by the admission of the facts, the intent is the natural and necessary consequence, and the denial is senseless and idle.   Where there is

no law, there is no transgression; and where the law exists and the transgression is admitted, the intent follows as a legal inference.   The admission of facts which are *per se* fraudulent in judgment of law, are as much so and as conclusive upon the defendant as if he had in express terms admitted a fraudulent intent in his answer; and, in such a case, any subsequent disclaimer of such intent will not avail him.   It will not be entitled to credit; neither is his disclaimer after the admission of facts which are of themselves fraudulent against creditors; for the legal intent, from these facts, is stronger than the mere admission of it subsequently denied.

There was a class of cases familiar to the profession, by which the acts of parties were pronounced fraudulent and void in law as against creditors, in the absence of any fraudulent intent, and under a concession by the courts that there was none.   (3 Johns. Ch. Rep., 481; 8 Cowen's Reports, 406; 4 Wendell's Reports, 300.)   The doctrine of these cases was arraigned in this court in *Jackson* v. *Seward*, 8 Cowen's Report, 400, and all questions of fraud were supposed to be put upon the footing of a fraudulent intent by the decision in this case.   The provision of the revised statutes making all questions of fraudulent intent a question of fact, and not of law, was no doubt intended to settle definitively, by enactment, the above litigated question, and all others of a like nature.   Such is the effect of the note of the revisors to this section."

In *Dunham* v. *Waterman*, cited above, the reasoning of Judge Nelson is regarded as "clear and conclusive."   "It follows," say the court, "from the reasoning of Mr. Justice Nelson, which I regard as unanswerable, that wherever an assignment contains provisions which are calculated, *per se*, to hinder, delay or defraud creditors, although the fraud must be passed upon as a question of fact, it nevertheless becomes the duty of the court to set aside the finding, if in opposition to the plain inference to be drawn from the face of the instrument.   A party must, in all cases, be held to have intended that which is the necessary consequence of his acts."

We regard the argument of the foregoing opinions as

thoroughly sound. The obvious practical tendency and oper-
ation of permitting failing debtors to give their assignees dis-
cretion to sell on credit is to abuse the confidence of creditors
and to hinder and delay those who have a right to their money
without any delay other than such as of course, is "incidental
and necessary to the existence of the trust or the exercise of
the power." *Dunham* v. *Waterman, supra.* If they, the
creditors, wish the property sold on credit, they have a right
to so determine, but the debtor or his trustee of his
selection cannot take away that right. (*Barney* v. *Griffin*,
2 N. Y. 365.)

The Supreme Court, of Illinois, in *Bowen* v. *Parkhurst*,
24 Ill. 258, say there is reason in the view that the
tendency and effect of such assignments is to hinder, delay
and defraud creditors. "The assignment," say the court,
"withdraws all the debtor's property from the reach of
legal process, and leaves it where the creditors cannot reach
it in any other manner than by the exercise of the discretion
of the assignees. The assignee has it in his power to place the
creditors at defiance, until he shall have converted the prop-
erty into the means of payment at private sale on credit, on such
terms as he in his judgment may deem best, and most for the
interest of the parties concerned. This power to sell at pri-
vate sale, on the most advantageous terms, involves a right to
delay the sale as long as the assignee thinks proper. The sale
may be made on any terms of credit he thinks best, and in this
way the creditors may be indefinitely hindered and delayed.
An insolvent debtor ought not to have the power, under color
of providing for his creditors, of placing his property beyond
their reach, in the hands of trustees of his own selection, and
take away the right of the creditors to have the property con-
verted into money for their benefit, without delay. They
alone should have the right to determine whether the property
shall be sold on credit, and any conveyance which takes away
this right, ought not to be upheld; for it is a conveyance to
hinder and delay creditors, and within the very teeth of the
statute." (See also *Whipple* v. *Pope*, 33 Ill. 334; *Hutchin-*

*son* v. *Lord*, 1 Wis. 286, and *Gardner* v. *Com. National Bank*, 95 Ill. 298.)

Burrill on Assignments, section 190, reviews the decisions of the various states upon the question under consideration. We have examined the many cases cited in that author's text, and our opinion is that the New York, Illinois and Wisconsin decisions stand upon the sounder basis, and that the insertion of a clause, which permits the assignee to sell on credit, in its tendency and operation and effect hinders and delays creditors, and that as the assignor is in law deemed to have intended all the consequences which naturally flow from the provisions of the assignment made, the intent to hinder, delay and defraud becomes a necessary legal inference from the provision itself. (Burrill on Assignments Sec. 309.)

It is urged that the direction to the assignee to use all diligence in disposing of and collecting the property and effects to the end that the creditors   *   *   *   "may not be hindered or delayed" in the receipt of their several demands is a restriction against any abuse of power by the assignee.   But if the discretionary power to sell on credit is of itself sufficient to avoid the assignment, a restriction confining the exercise of that power within the limits of due diligence to the end that creditors may not be hindered or delayed is unavailing.   The power as well as the restrictions being inconsistent with the rights of creditors the trust itself falls.   (Burrill on Assignments, Sec. 147.)

It is therefore ordered that the judgment of the district court be reversed, and the cause is remanded with instructions to sustain the demurrer to plaintiff's complaint.

*Reversed.*

DE WITT, J., concurs.   PEMBERTON, C. J., not sitting.