WILLOUGHBY, Respondent, *v.* REYNOLDS, Appel-
LANT.

[Submitted April 12, 1897. Decided April 26, 1897.]

*Assignment for Benefit of Creditors—Power of Sale—Va-
lidity.*

An assignment for the benefit of creditors which provides that the assignee may sell "for
cash or credit," is void as to attacking creditors.

*Appeal from District Court, Silver Bow County. William
O. Speer, Judge.*

ACTION by W. A. Willoughby, assignee of Luciano Guerra,
against S. J. Reynolds, sheriff of Silver Bow county. Judg-
ment for plaintiff. Defendant appeals. Reversed.

Statement of the case by the justice delivering the opinion.

This is an action to recover possession of personal property.
It appears that on the 28th day of June, 1895, Luciano Guerra
made an assignment of his stock of goods and merchandise by
deed of assignment to the plaintiff for the benefit of his credi-
tors. Plaintiff immediately took possession of the stock of
goods as such assignee. On the following day the defendant,
who was the sheriff of Silver Bow county, levied upon and
took possession of said stock of goods under a writ of attach-
ment issued out of the district court of said county in a suit
wherein P. J. Brophy was plaintiff and said Guerra was de-
fendant. On the same day plaintiff brought this suit, and re-
plevied the goods.

The answer of defendant admits the assignment and taking
by him of the goods under the writ of attachment, and alleges
the assignment to be void for the reason that the deed con-
tains a provision allowing the assignee ''to sell and dispose of
the said personal estate, and to collect the said choses in ac-
tion, using a reasonable discretion as to the times and modes

of selling and disposing of said estate, as it respects making sales for cash or on credit.'' There was no replication.

The case was tried without a jury on an agreed statement of facts. Judgment for plaintiff was rendered by the court. Defendant appeals.

*John Lindsay* and *Clinton & Lamb,* for appellant.

PEMBERTON, C. J.—*Rosenstein* v. *Coleman,* 18 Mont. 459, 45 Pac. 1081, decided by this court on the 4th day of August, 1895, involves the same question presented here, and is decisive of this case. In that case we held that such a deed of assignment was void.

Upon the authority of that decision the judgment in this case is reversed, and the cause remanded, with direction to the district court to render judgment for the defendant.

*Reversed.*

HUNT and BUCK, JJ., concur.