PATRICK & CO., APPELLANT, *v.* McDONNELL, RESPONDENT.

(No. 4,488.)

(Submitted September 24, 1921. Decided October 31, 1921.)

[201 Pac. 1009.]

*Assignments for Benefit of Creditors—Continuance of Business of Assignor—Injunction—Statutes—Power of Court.*

Assignment for Benefit of Creditors—Object and Purpose.
    1. The object of an assignment for the benefit of creditors is not to permit speculation with the property of the assignor but to use the assets for the satisfaction of the creditors' claims.

Same—Continuance of Business of Assignor—Consent of Creditors Necessary.
    2. In the absence of an agreement by all the creditors of an assignor, one merely acquiescing but not actually consenting may enjoin continuance of the business as a going concern, even though it appear that the course pursued may be for the benefit of the creditors.

Same—Continuance of Business of Assignor—Statute—Limit of Authority of Court.
    3. While under Chapter 180, Laws of 1919, the district court may, when necessary for the best interests of the estate of an assignor, authorize his business to be conducted for a limited period of time, it may not do so for an unlimited period.

Same—Contract—Statute not Retroactive.
    4. An assignment for the benefit of creditors is in effect a contract, and therefore where an assignment was made before the passage of

Chapter 180, Laws of 1919, giving the district court power under certain circumstances to permit the assignee to conduct the business of the assignor as a going concern, the Act cannot be given a retroactive effect to impair the obligation of such contract.

*Appeals from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by F. A. Patrick & Co. against L. M. McDonnell, assignee of P. A. St. Amour. From a judgment for defendant and an order overruling motion for new trial, plaintiff appeals. Reversed.

*Mr. T. F. McCue,* for Appellant, submitted a brief and argued the cause orally.

Under the admitted facts in this case, the plaintiff was entitled to a restraining order enjoining the assignee from speculating with the assigned property and from permitting the assignor to do likewise, as a period of nearly six months had elapsed in which large sums of money had been expended for the purchase of new goods, one-half of which, if applied to the extinguishment of the unsecured debts, would have paid the same in full. Not only that, but the assignor was permitted to extend credit, to speculate and subject the assigned property to the hazard of extending credit to the purchasers to the amount of over $62,000, $6,000 of which the assignee had failed to collect at the time of this action.

The case of *Wilhelm* v. *Byles,* 60 Mich. 561, 27 N. W. 847, 29 N. W. 113, is directly in point upon this question. (See, also, *Rosenstein* v. *Coleman,* 18 Mont. 459, 45 Pac. 1081; *Bowen* v. *Parkhurst,* 24 Ill. 257, 258; *Field* v. *Romero,* 7 N. M. 630, 41 Pac. 517.)

The judgment of the lower court gave the assignee a free hand to handle the trust property in almost any manner he saw fit. Not only that, but if that decree stands, it will point out a way for every failing creditor to put his property in the hands of a trustee of his choice; place it beyond the

reach of the usual processes of courts, and arbitrarily extend the time of payment of his debts, to suit his own convenience. To permit an assignee to enable a debtor to accomplish such a result, either under the provisions of the deed of assignment or on account of the conduct of the trustee, has been condemned by all the courts as a fraud. (*Rosenstein* v. *Coleman, supra; Willoughby* v. *Reynolds,* 19 Mont. 421, 48 Pac. 743; *Richardson* v. *Marqueze,* 59 Miss. 80, 42 Am. Rep. 353; *Gutta Percha Rubber Mfg. Co.* v. *Kansas City Fire Dept. Supply Co.,* 149 Mo. 538, 50 S. W. 912.)

Under the prayer for general equitable relief, it was the duty of the court to render such a decree as would compel defendant to do those things which the law requires under the material allegations of the complaint which were admitted or proved. (*Custer Co.* v. *Yellowstone Co.,* 6 Mont. 39, 46, 9 Pac. 586; *Rollins* v. *Forbes,* 10 Cal. 299; *Pond* v. *Waterloo Agricultural Works,* 50 Iowa, 596, 605.)

*Messrs. Cooper, Stephenson & Hoover* and *Mr. Gerald Frary,* for Respondent, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

We feel that a consideration of the authorities will convince the court that plaintiff had no right to complain. The only decision in plaintiff's brief bearing upon what conduct may be expected of an assignee after the property is vested in him is the case of *Wilhelm* v. *Byles,* 60 Mich. 561, 27 N. W. 847, 29 N. W. 113. So far as we know, this is the strongest case in support of the doctrine claimed by plaintiff that appears in the books. We take no exception to the principles there announced, but the decision has no application to a case where the complainant has consented to the carrying on of the business by the assignee. The court in the case cited expressly limits its decision. Before entering into the main discussion it says: "The complainants have not consented to carrying on of the business by the assignees." The same limitation appears in the case of *Rosenstein* v. *Cole-*

*man,* 18 Mont. 459, 45 Pac. 1081. (See, also, 4 Cyc. 276; 2 R. C. L. 722.)

The right of an assignee to carry on the business of the assignor as a going concern, and to add new goods thereto and mingle them with the assigned property, with the consent of the creditors, was recognized and protected in the case of *Noyes* v. *Beaupre,* 32 Minn. 496, 21 N. W. 728. In the case of *Adlum* v. *Yard,* 1 Rawle (Pa.), 163, 18 Am. Dec. 608, an assignment by which the trustees were restrained from selling the land for a period of three years was upheld as against a creditor who had accepted a dividend under the assignment. (See, also, *Ingram* v. *Hartz,* 48 Pa. St. 380; *Burrows* v. *Alter,* 7 Mo. 424; *Rapalee* v. *Stewart,* 27 N. Y. 310, 311; *Lanahan* v. *Latrobe,* 7 Md. 268; *Loney* v. *Bayly,* 45 Md. 447, 450; *Richards* v. *White,* 7 Minn. 345, 349; *Derry Bank* v. *Davis,* 44 N. H. 548; *Quimby* v. *Uhl,* 130 Mich. 198, 89 N. W. 722.)

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Action was brought to enjoin defendant, as assignee of P. A. St. Amour, from continuing the business formerly conducted by his assignor and for an order requiring him to liquidate the estate, pay off the claims to the extent that the assets of the estate would pay them, and terminate his trust. Judgment was entered for defendant. Motion for new trial was overruled. Plaintiff appeals from the judgment and the order overruling the motion.

In February, 1918, P. A. St. Amour made an assignment for the benefit of his creditors to defendant McDonnell. With the consent of a majority of the creditors, the assignee, instead of liquidating the assets, continued the retail business of the assignor as a live and going concern. He employed the assignor to assist in the management of the business and, in fact, intrusted the assignor with most of its details. Clerks were employed and an active business was continued for a

period of about one year prior to the commencement of this action. During that period the assignee, upon the advice of the assignor, purchased new stock to the extent of over $50,000 and in the usual course of business extended credit to customers in excess of $62,000. In addition to the assignee's salary, there was also incurred a general expense of about $10,000. It seems that it was the intention of the majority of the creditors and the assignee that the latter should continue the business as a going concern until such time as its net income would be sufficient to defray the indebtedness. It is the contention of plaintiff, however, that in the absence of consent of all the creditors, the assignee has no right so to do, and we are satisfied that such contention must be sustained.

This is not a question as to whether the creditors will re- [1, 2] ceive a larger percentage by a continuance of the business or such an arrangement in general would be beneficial to all parties concerned, but it is a question of the obligation of the trustee to each individual creditor. It may be conceded that if all creditors consent to such an arrangement, then the assignee would be justified in following out such a plan, for then no one would be in a position to make any objection thereto. However, in the absence of an agreement by all the creditors any one creditor is entitled to have his rights as a creditor recognized and observed and to have the assignee perform the duty enjoined upon him by law.

An assignment for the benefit of creditors is designed to terminate the business of the assignor in relation to the assigned property, and it is then the duty of the assignee, with reasonable dispatch, to collect all the assets and convert them into cash and, after paying the expenses of the trust, apply the moneys in hand to the payment of the claims proportionately, accounting to the assignor for any surplus that may remain after the claims have been paid in full. After the assignment is made, no creditor can be compelled to submit to a continuance of the business as a going concern,

with the incidental risks of buying and selling on credit and the possible loss of assets actually in existence at the time of the assignment. The object of the assignment is not to enable any person to speculate with the property of the assignor, even though it be for the benefit of the creditors, but merely to use those assets to satisfy the claims. (*Wilhelm* v. *Byles,* 60 Mich. 561, 27 N. W. 847, 29 N. W. 113; *Rosenstein* v. *Coleman,* 18 Mont. 459, 45 Pac. 1081.) Defendant, however, insists that in this case it appears by the correspondence between the plaintiff and defendant that plaintiff consented to the continuance of the business, and that therefore it is estopped now from objecting thereto. An examination of the correspondence shows that the plaintiff had some knowledge of the fact that the business was being conducted as a going concern, but, at most, the correspondence shows a mere acquiescence but not a consent. We do not believe that there is anything in the correspondence which estops the plaintiff from demanding a settlement of this trust.

Our attention has been called to Chapter 180 of the Session [3, 4] Laws of 1919, in which it is provided as follows:

"E. *Power of Court.*—The court shall have power: (1) To authorize the business of the assignor to be conducted for a limited period by assignee, if necessary in the best interests of the estate, and allow additional compensation for such services."

This statute is inapplicable for two reasons: First, that it does not appear in this case that the court authorized a continuance of the business for a limited time. If the judgment in the case is to be construed as implied authority to continue business—which is doubtful—it must be construed as authority to continue the business for an unlimited time, which is not within the provision of the statute. There was no other court order or judgment authorizing the continuance of the business at all. Second, the statute was not passed until about a year after the assignment was made.

As the assignment is, in effect, a contract, the statute cannot be given retroactive effect so as to destroy the validity of the contract or affect the obligations by it imposed upon the assignee.

For the reasons herein given, the judgment and the order overruling the motion for new trial are reversed.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

(Submitted September 24, 1921. Decided November 3, 1921.)